NicholsON, C. J.,
delivered the opinion of the Court.
This is an action for damages for the killing of a horse on the Northwestern Railroad. The facts, as stated by the engineer, are these: “ He was going in the direction of the cut where the animal was run over; he was traveling at the rate of eighteen miles an hour, when suddenly, as the train was approaching the mouth of the cut where the accident occurred, four or five animals, as he supposed, jumped from the right of the road on the track, about twenty steps in front of the engine, and about fifteen steps from the mouth of the cut. He, as soon as he saw them, blew the signal to put down the brakes, and then very soon blew the signal to take off brakes, as he thought the animals had jumped off on the left hand side.”
It is provided, by sec. 1166, sub. sec. 5, of the *265 Code, that “when any person,. animal, or other obstruction appears upon the road, the alarm-whistle shall be sounded, the brakes put down, and every possible means employed to stop the train, and prevent an accident.” And by sec. 1167: “Every railroad company that fails to obsérve these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur.” And by sec. 1168: “No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damages done to persons or property on its road. The proof that it has observed said precautions shall be upon the company.”
After the Circuit Judge had charged the jury in strict conformity with these provisions of the Code, the counsel for the railroad company requested him to charge: “That if the jury should find from the proof that the animal killed jumped upon the track of the road so near the engine that it was impossible for the employees on the train to check and stop it before it came in contact with the filly killed, or to prevent the accident, and that there was not sufficient time to do more than was done by the defendant, that, then, defendant would not be liable,” which the Judge declined to charge.
This refusal so to charge is assigned as error. It will be observed that the statute is imperative in requiring two specific things to be done when an obstruction appears on a railroad: first, to sound the *266 alarm whistle; and second, put down the brakes. In the case before us, the proof shows that the alarm whistle was not sounded, and the import of the charge requested is, that if the animal jumped on the track so near the engine that it was impossible to check and stop it before it came in contact with the animal, and that there was not sufficient time to do more than was done, then the company should be excused from the consequences of not sounding the alarm whistle. The Circuit Judge could not have charged as requested, without making an exception to the law, which the statute does not make. If the precautions prescribed are not observed, the law tolerates no excuse. It was not a question for the defendant to reason about when the animal jumped upon the track, as to whether it would do any good or not to sound the alarm whistle— his duty was specific and express to sound it — and the law is equally specific and express, that if he fails to comply the company is responsible. It may be that in the case before us, the sounding of the alarm whistle would have done no good in avoiding the accident; but the law required it to be done, and it was the mode pointed out by law for avoiding responsibility. There was, therefore, no error in refusing to charge as requested; nor was there any error in the Judge declining to charge the second proposition, which was substantially the same as that just noticed.
The judgment of the Court below will be affirmed.